UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT A. TASSIN, JR. (#117747)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOB BARKER COMPANY, INC., ET AL.** | **NO. 16-0382-JWD-EWD** |

**O R D E R**

Before the Court is Plaintiff's Motion to Persevere [sic] Video of Accident (R. Doc. 4), pursuant to which he seeks to compel state officials, specifically agents of the Louisiana Department of Public Safety and Corrections, to preserve video recordings that may exist of an accident that occurred on the morning of June 15, 2015 at the Louisiana State Penitentiary ("LSP"). As discussed hereafter, Plaintiff's motion shall be denied.

This matter involves a claim asserted by Plaintiff against the sellers/manufacturers of allegedly defective shoes that caused him to sustain a fall and injury at LSP on the referenced date. According to Plaintiff, he sent correspondence to LSP Investigative Services on June 20, July 23 and September 14, 2015, requesting that any video of the incident be preserved. When no response was forthcoming, Plaintiff allegedly sent correspondence to an LSP supervisory employee, Trish Foster, on September 14, 2015 and February 17, 2016, making a similar request. Again, however, no response has been forthcoming. Plaintiff thereafter commenced this proceeding against the sellers/manufacturers of the referenced shoes two days shy of the anniversary date of the incident complained of and now seeks an Order from this Court compelling LSP officials, none of whom are named as defendants in this proceeding, to preserve the referenced video evidence.

"'Courts have a right to expect that litigants and counsel will take the necessary steps to ensure that relevant records are preserved when litigation is reasonably anticipated, and that such records are collected, reviewed, and produced to the opposing party.'" *Quantlab Technologies Ltd. (BGI) v. Godlevsky*, 2014 WL 651944, *7 (S.D. Tex. Feb. 19, 2014) (citation omitted). "The duty to preserve 'arises when a party has notice that the evidence is relevant to litigation or … should have known that the evidence may be relevant to future litigation. Generally, the duty to preserve extends to documents or tangible things … by or to individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.'" *Id*. at *8 (citations omitted). This duty may extend to a non-party to a proceeding when there is a special relationship involving the non-party or when the non-party enters into an agreement to preserve the evidence sought to be obtained. *See Andra Group, LP v. JDA Software Group, Inc.*, 2015 WL 12731762, *15 (N.D. Tex. Dec. 9, 2015) (addressing the obligation of non-parties to preserve evidence and noting that, "[a]bsent some special relationship or duty rising by reason of an agreement, contract, statute, or other special circumstance, the general rule is that there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against a third party" (internal quotation marks omitted)). "Spoliation" of evidence "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *See Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001). *See also Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010).

In the instant case, Plaintiff apparently forwarded correspondence to LSP officials shortly after the incident complained of and requested that any video recordings of the incident be preserved. There is no indication in the record that Plaintiff's request was not complied with or

even whether such recordings exist or existed. *See Dixon v. Greyhound Lines, Inc.*, 2014 WL 6087226, *3 (M.D. La. Nov. 13, 2014) (collecting cases addressing the obligation to preserve video evidence or an accident or incident). Further, there is no indication that intervention by the Court is warranted to preserve evidence that may or may not have been retained, particularly when Plaintiff's request for such intervention comes more than a year after the incident complained of. In any event, the Court will not generally enmesh itself in discovery matters in the absence of any showing that such involvement is warranted by dilatory, bad faith or wrongful conduct by another party or entity. Finally, Plaintiff is advised that Rule 34(c) of the Federal Rules of Civil Procedure allows a party (such as Plaintiff) to request by subpoena the production of electronically stored information and/or tangible things (such as any video footage of the accident) from a non-party to a proceeding (such as LSP). The Court will refrain from addressing the issue of spoliation pending a response by LSP officials regarding the existence or non-existence of the referenced evidence, if the information is properly requested by Plaintiff. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Persevere Video of Accident (R. Doc. 4) is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on September 28, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**