UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT B. TASSIN, JR.**                          **CIVIL ACTION NO.**

**VERSUS**                                                       **16-382-JWD-EWD**

**BOB BARKER COMPANY, INC.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 31, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ROBERT B. TASSIN, JR.**                                **CIVIL ACTION NO.**

**VERSUS**                                               **16-382-JWD-EWD**

**BOB BARKER COMPANY, INC.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss based upon Fed. R. Civ. P. 12(b)(2) and 12(b)(6) filed by defendants, Bob Barker Company, Inc., Robert Barker, and Nancy Barker ("Defendants").[1] No timely opposition to the Motion to Dismiss has been filed by *pro se* plaintiff, Robert B. Tassin, Jr. ("Plaintiff"),[2] and therefore, the Court considers the Motion to Dismiss to be unopposed.

For the reasons set forth herein, the undersigned recommends granting the Motion to Dismiss Plaintiff's claims against the individual defendants, Robert Barker and Nancy Barker, pursuant to Fed. R. Civ. P. 12(b)(2). Additionally, the undersigned recommends granting the Motion to Dismiss all claims not arising under the Louisiana Products Liability Act, as well as granting the Motion to Dismiss the Louisiana Products Liability Act claims based on defective construction, composition, and design, pursuant to Fed. R. Civ. P. 12(b)(6). The undersigned further recommends denying the Motion to Dismiss as to the Louisiana Products Liability Act claims based on inadequate warning and breach of express warranty.

**I.    Background**

On June 13, 2016 Plaintiff, a *pro se* prisoner confined at the Louisiana State Penitentiary in Angola, Louisiana, filed suit against Bob Barker Company, Inc., Robert Barker and Nancy

---
[1] R. Doc. 17 ("the Motion to Dismiss").
[2] *See* Local Civil Rule 7(f).

Barker alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] The Complaint alleges that Robert Barker is the CEO of Bob Barker Company, Inc., and that Nancy Barker is a "Corporate Responsibility [sic]" of Bob Barker Company, Inc.[4] No other allegations are made regarding Robert Barker or Nancy Barker individually.

In his Complaint, Plaintiff alleges that on or about June 15, 2015, he sustained injuries in a slip and fall while wearing "EVA Clogs," which were allegedly manufactured, marketed, developed, distributed, promoted, tested, labeled, and sold by Bob Barker Company, Inc.[5] The "Clogs" were allegedly advertised as follows:

> Versatile EVA sandals can be worn with strap behind heel – or flipped up to wear as clogs. Either way, they are styled for comfort, with defined out-sole ridges for surface-gripping traction and vented design to promote airflow in the toe box. Non-metal rivet connects heel strap to upper shoe. 100% medium-soft EVA (Ethyl vinyl Acetate) is non-marking and water-resistant. (emphasis supplied- and, find at: www.bobbarker.com).[6]

Plaintiff alleges he was induced to buy the "Clogs" based upon the representations made in this advertisement and was specifically induced to buy based on the representation that the shoe had "surface-gripping traction" and was "water-resistant."[7] Plaintiff further alleges that when he ordered the "Clogs," the order described them as "Crostyle Shower Shoes."

Plaintiff claims Defendants are liable unto him under theories of "strict liability, strict product liability, defective product design, defective product composition, failure to adequately warn, negligence, redhibition, fraudulent misrepresentation and concealment, and breach of implied and express warranties."[8] More specifically, Plaintiff appears to allege the following: (1)

---

[3] R. Doc. 1.
[4] R. Doc. 1, pp. 2-3.
[5] R. Doc. 1, p. 4.
[6] R. Doc. 1, p. 4.
[7] R. Doc. 1, p. 4.
[8] R. Doc. 1, p. 3.

2

Defendants failed to warn consumers that the "Clogs" were "dangerous when worn on wet surfaces and, on some dry surfaces;" (2) Defendants had actual knowledge that the product was dangerous at the time the advertisement was published; (3) the product is defective as designed; (4) Defendants fraudulently misrepresented the "Clogs" and concealed their dangerous nature; and (5) the "Clogs" contain a redhibitory defect.[9]

As a result of the slip and fall, Plaintiff alleges he sustained injuries to his neck, back, and hips, and has other continuing issues such as "extreme" dizziness, "extreme" headaches, "severe memory loss" (which Plaintiff alleges has progressively gotten worse since the date of the incident), psychological damages, anxiety, agitation, nausea, sleep deprivation, disability, and fear of future mental and physical ailments.[10]

## II. Law and Analysis

### A. Plaintiff's Claims Against Robert Barker and Nancy Barker, Individually

The plaintiff has the burden of presenting prima facie evidence of personal jurisdiction over a defendant who files a motion to dismiss for lack of in personam jurisdiction.[11] The fiduciary shield doctrine provides the general rule that "jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation. . . ."[12] As explained by the *Spademan* court, the fiduciary shield doctrine does not apply, however, where it is determined that the corporate entity should be disregarded, usually under a theory that the company is the alter ego of the individual.[13] The following factors are considered in determining whether a company is the alter ego of the individual: (1) the corporation is undercapitalized, (2) without separate books, (3) its finances are not kept separate from individual finances, individual obligations are paid by the corporation, (4)

---

[9] R. Doc. 1.
[10] R. Doc. 1, pp. 5; 8-9.
[11] *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982).
[12] *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).
[13] *Id.*

3

the corporation is used to promote fraud or illegality, (5) corporate formalities are not followed or (6) the corporation is merely a sham."[14]

Here, Plaintiff has not made any allegations that Robert or Nancy Barker, personally, have any contacts with the state of Louisiana, nor has Plaintiff alleged facts that would support a claim for veil piercing to establish that Bob Barker Company, Inc.'s contacts should be attributed to Robert or Nancy Barker.  Thus, Plaintiff has failed to meet his burden of providing prima facie evidence of personal jurisdiction over Robert or Nancy Barker.  Accordingly, the undersigned recommends granting Defendants' Motion to Dismiss Plaintiff's claims against Robert Barker and Nancy Barker individually pursuant to Fed. R. Civ. P. 12(b)(2).

### B. Plaintiff's Claims Against Bob Barker Company, Inc.

In *Bell Atlantic Corp. v. Twombly*,[15] and *Ashcroft v. Iqbal*,[16] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[17]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to

---

[14] *Id.*
[15] 550 U.S. 544 (2007).
[16] 556 U.S. 662 (2009).
[17] *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.
[18] *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.
[19] *Id.*

4

relief.'"[20] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[21]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[22] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[23] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[24] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[25] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[26] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[27]

Here, all of plaintiff's theories of recovery revolve around a manufactured product, which he alleges was unreasonably dangerous. The Louisiana Products Liability Act ("LPLA") contained within Louisiana Revised Statutes 9:2800.51, *et seq.*, establishes the exclusive theories of liability for manufacturers[28] for damage caused by their products.[29] Any other theory of liability is precluded.[30] "[F]or causes of action arising after the effective date of the LPLA, negligence, strict liability, and breach of express warranty are not available as theories of recovery against a

---

[20] *Id.* at 679.
[21] *Id.* at 678 (internal quotation marks omitted).
[22] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[23] *Id.* (citation omitted).
[24] *Papasan v. Allain*, 478 U.S. 265, 286 (1986),
[25] *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).
[26] Fed. R. Civ. P. 8(a)(2).
[27] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[28] For purposes of the present motion, it is not disputed that Bob Barker Company, Inc., is the manufacturer of the product at issue.
[29] La. R.S. § 9:2800.52.
[30] *Id.*

manufacturer, independent from the LPLA."[31] Thus, all claims made by Plaintiff based on any legal theory not arising from the LPLA are barred and subject to dismissal.[32] Accordingly, Plaintiff's claims based upon strict liability, negligence, redhibition, fraudulent misrepresentation and concealment, and breach of implied warranty should be dismissed with prejudice.[33]

As explained by the Fifth Circuit, to maintain a successful products liability action under the LPLA, a plaintiff must establish the following four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product.[34] A plaintiff may establish that a product was "unreasonably dangerous" under one of four theories:

> (1) the product's construction or composition is defective; (2) the product's design is defective; (3) the product's warnings are inadequate, or (4) by showing a breach of express warranty. [35]

To establish a construction or composition defect, a plaintiff must show that "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer."[36] To establish a design defect, a plaintiff must

---

[31] *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002) (citing *Jefferson v. Lead Indus. Assoc.*, 930 F. Supp. 241, 245 (E.D. La. 1996)).
[32] *See, e.g., Cooper v. Wyeth, Inc.*, Civil Action No. 09-929, 2010 WL 2653321, at *2 (M.D. La. June 25, 2010) (wherein this Court dismissed claims based upon Louisiana Unfair Trade Practices and Consumer Protection Law, fraud, negligence, negligent misrepresentation, misrepresentation, and breach of implied warranty because these claims were outside the permissible scope of the LPLA, as they did not fall into any of the four categories recognized by the LPLA).
[33] In ¶22 of the Complaint, Plaintiff references that he believes Defendants actions constitute a criminal act. A civil action is not the appropriate means to redress alleged criminal conduct.
[34] La. R.S. § 9:2800.54; *see also Stahl v. Novartis Pharm. Corp.*, *supra* at 261.
[35] *Flagg v. Stryker Corp.*, 647 Fed. App'x 314, 316 (5th Cir. 2016), citing La. R.S. 9:2800.54(B).
[36] *Id.*, citing La. R.S. 9:2800.56.

show that "'at the time the product left the manufacturer's control, there existed an alternative design for the product that was capable of preventing the claimant's damage' and that the danger and gravity of that damage outweighed any adverse effects on the utility of the product and the burden on the manufacturer of adopting the alternative design.'"[37]

The allegations present in Plaintiff's Complaint can be distilled into the following pertinent facts viewed in the light most favorable to Plaintiff. The "Clogs" were advertised as having "surface-gripping traction" and as "water-resistant." The order description further described these "Clogs" as "Crostyle Shower Shoes" indicating they were suitable for use in the shower and, necessarily, on wet surfaces. The foregoing representations allegedly induced Plaintiff into buying the advertised product. However, when Plaintiff stepped on a wet surface while wearing the "Clogs," he slipped and fell. Thus, the "Clogs" allegedly did not have the advertised "surface-gripping traction." The remainder of the allegations in Plaintiff's Complaint, though couched as factual allegations, are legal conclusions, which are not accepted as fact. No factual allegations indicate that the product was unreasonably dangerous in construction or composition or in design because Plaintiff does not allege deviated from manufacturer specifications, performance standards or other identical products, nor does Plaintiff allege that there was an alternative design capable of preventing his damages.[38] The factual allegations are sufficient, however, to find that Plaintiff has stated a claim for relief based upon the LPLA action of inadequate warning and/or breach of express warranty. To maintain an inadequate warning or failure to warn claim under the LPLA, a plaintiff must demonstrate that the product in question has a potentially damage-causing

---

[37] *Id.*
[38] *Papasan*, *supra* at 286. For example, Plaintiff states as fact that the "Clogs are not reasonably safe as designed because the evident forseeable [sic] dangers involved in its use outweighted [sic] its benefits." (R. Doc. No. 1, p. 6). This is a legal conclusion and does not allege facts necessary to support recovery under a theory of defective design.

7

characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about this characteristic.[39]

Here, the alleged facts indicate that the product had a potentially damage-causing characteristic, namely a potentially slick bottom, and that the manufacturer failed to provide an adequate warning regarding using the product on wet surfaces.[40] The Court must construe the facts in a light most favorable to the plaintiff.[41] Here, Plaintiff has sufficiently pled facts to make out a plausible claim for inadequate warning.

In addition, Plaintiff's breach of express warranty claim should survive dismissal. To maintain a breach of express warranty claim under the LPLA, a plaintiff must show: "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue."[42] An "express warranty" is a representation or statement about a product that affirms the product possesses specified characteristics or qualities.[43] It does not include a general opinion or general praise.[44]

Here, Plaintiff alleges the "Clogs" were advertised as having "surface-gripping traction" and sold as shower shoes. He further alleges he was induced to buy the product due to the advertised qualities. Finally, he alleges the product failed to conform to this express warranty because the "Clogs" did not have "surface-gripping traction," which caused him to slip and fall, resulting in his alleged injuries. Since factual allegations need only be enough "to raise a right to

---

[39] La. R.S. § 9:2800.57.
[40] Plaintiff specifically alleges that the manufacturer failed by not warning that the "Clogs" were dangerous when worn on a wet surface." (R. Doc. 1, p. 6).
[41] *Thompson v. City of Waco, Tex.*, *supra* at 502.
[42] *Caboni v. General Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002).
[43] La. R.S. § 9:2800.53(6).
[44] *Id.*

8

relief above the speculative level" to defeat a motion to dismiss, based on the foregoing and reading the facts alleged in the Complaint in the light most favorable to the plaintiff, the undersigned finds that Plaintiff has alleged sufficient facts to defeat the motion to dismiss with respect to the breach of express warranty claims.[45]

### C. Plaintiff Should Not Be Given Leave to Amend

Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile. An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6).[46] Here, the undersigned recommends that Plaintiff's individual claims against Robert and Nancy Barker be dismissed for lack of personal jurisdiction, that his claims under theories of recovery outside of the Louisiana Products Liability Act be dismissed, and that his claims under the LPLA based on theories of defective construction, composition or design be dismissed. If the recommendation is adopted, Plaintiff would be able to proceed in this matter against Bob Barker Company, Inc., on claims under the LPLA for inadequate warning and breach of express warranty.[47] Also, Plaintiff did not seek leave to amend, nor did he oppose the motion to dismiss.

### III.  Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion to Dismiss[48] be **GRANTED IN PART AND DENIED IN PART**. The undersigned recommends that the Court **GRANT** Defendants' Motion to Dismiss Plaintiff's claims against Robert Barker

---

[45] *See Bell Atlantic Corp. v. Twombly*, *supra.*
[46] *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016)(citations omitted).
[47] The parties have proceeded with discovery while the motion to dismiss was pending and Bob Barker Company, Inc. has filed a motion for summary judgment (R. Doc. 39), which remains pending. Accordingly, this matter is postured to be resolved on the merits, which is the preferred method of case resolution. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (noting the Fifth Circuit's policy in favor of resolving cases on the merits).
[48] R. Doc. 17.

and Nancy Barker individually for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), dismissing those claims with prejudice.

The undersigned further recommends that Court **GRANT** Defendants' Motion to Dismiss Plaintiff's claims under all theories of recovery outside of the Louisiana Products Liability Act ("LPLA"), including all theories of strict liability, negligence, redhibition, fraudulent misrepresentation and concealment, and breach of implied warranty, as well as the LPLA claims based upon construction, composition, and design, dismissing those claims with prejudice.

The undersigned recommends that the Court **DENY** Defendant's Motion to Dismiss Plaintiff's causes of action based upon the LPLA theories of inadequate warning and breach of express warranty and that the matter be referred to the undersigned for further proceedings.

Signed in Baton Rouge, Louisiana, on January 31, 2019.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**