**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ROBERT B. TASSIN, JR.**                                   **CIVIL ACTION NO.**

**VERSUS**                                                  **16-382-JWD-EWD**

**BOB BARKER COMPANY, INC.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 26, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ROBERT B. TASSIN, JR.**                                             **CIVIL ACTION NO.**

**VERSUS**                                                            **16-382-JWD-EWD**

**BOB BARKER COMPANY, INC.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment ("Motion") filed on behalf of the sole remaining Defendant, Bob Barker Company, Inc. ("BBCI").[1]  For the following reasons, it is recommended that the Motion be granted.

**I.      Background**

On June 13, 2016 Plaintiff Robert B. Tassin, Jr. ("Plaintiff"), a *pro se* prisoner confined at the Louisiana State Penitentiary in Angola, Louisiana, filed suit against BBCI, Robert Barker and Nancy Barker alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

In his Complaint, Plaintiff alleges that on or about June 15, 2015, he sustained injuries in a slip and fall while wearing "EVA Clogs," which were allegedly manufactured, marketed, developed, distributed, promoted, tested, labeled, and sold by Bob Barker Company, Inc., Robert Barker and Nancy Barker.[3] The clogs were allegedly advertised as follows:

> Versatile EVA sandals can be worn with strap behind heel – or flipped up to wear as clogs. Either way, they are styled for comfort, <u>with defined out-sole ridges for surface-gripping traction</u> and vented design to promote airflow in the toe box. Non-metal rivet connects heel strap to upper shoe. 100% medium-soft EVA (Ethyl Vinyl Acetate) is non-marking and <u>water-resistant</u>. (emphasis supplied- and, find at: www.bobbarker.com).[4]

---

[1] R. Doc. 55.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 3.
[4] R. Doc. 1, p. 4.

Plaintiff alleges he was induced to buy the clogs based upon the representations made in this advertisement and was specifically induced to buy based on the representation that the shoe had "surface-gripping traction" and was "water-resistant."[5] Plaintiff further alleges that when he ordered the clogs, the order described them as "Croc-style Shower Shoes."

Plaintiff further contends the following: (1) Defendants failed to warn consumers that the clogs were "dangerous when worn on wet surfaces and, on some dry surfaces;" (2) Defendants had actual knowledge that the product was dangerous at the time the advertisement was published; (3) the product is defective as designed; (4) Defendants fraudulently misrepresented the clogs and concealed their dangerous nature; and (5) the clogs contain a redhibitory defect.[6]

This Court previously granted in part a motion to dismiss filed by BBCI Robert Barker and Nancy Barker, which dismissed all claims against Robert and Nancy Barker; all claims not arising under the Louisiana Products Liability Act ("LPLA"), as well as Plaintiff's LPLA claims based upon theories of defective construction or composition and defective design.[7] The only claims remaining are those based on LPLA theories of inadequate warning and breach of express warranty against BBCI.

## II. Law and Analysis

### A. Standard of Review

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[8] A party moving for summary judgment must inform the court of the basis for

---

[5] R. Doc. 1, p. 4.
[6] R. Doc. 1.
[7] R. Docs. 44 & 46.
[8] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

2

the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show there is no such genuine issue of material fact.[9] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[10] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[11] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[12] Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.[13] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and the court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[14] However, under Fed. Rule. Civ. Proc. 56(c), a party must cite to evidence or show that the materials cited do not support the presence or absence of a dispute.

### B. As the Complaint is not verified under penalty of perjury, Plaintiff has failed to put forth competent summary judgment evidence that any accident occurred or that any damages were sustained

Plaintiff has failed to put forth any competent summary judgment evidence that an accident occurred or that any damages were sustained, much less that damages were proximately caused by

---

[9] *Celotex Corp.*, 477 U.S. at 322.
[10] *Anderson*, 477 U.S. at 248.
[11] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[12] *Celotex Corp.*, 477 U.S. at 323.
[13] *Little*, 37 F.3d at 1075.
[14] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

3

clogs allegedly sold by BBCI. The LPLA states that a "manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous…."[15] While Plaintiff's Complaint contained factual allegations regarding the alleged incident and damage,[16] this is not proper summary judgment evidence.

A verified complaint may be considered as competent summary judgment evidence but only to the extent the complaint comports with the affidavit requirements of Rule 56 of the Federal Rules of Civil Procedure.[17] 28 U.S.C. § 1746 provides for verification of an unsworn complaint when a plaintiff declares *under penalty of perjury* that the factual allegations contained therein are true and correct.[18] When a complaint is so verified, the plaintiff faces the possibility of criminal prosecution for perjury if it is shown that he willfully or knowingly made material representations.[19] A complaint executed in the form prescribed by 28 U.S.C. § 1746, transforms the factual allegations from "mere allegations" to "specific facts" as if set forth in an affidavit.[20]

Plaintiff's Complaint contains the following Verification:

> I, Robert B. Tassin, Jr. being duly sworn did depose and state, that he is the Plaintiff in this law suit and that the facts and allegations plead [sic] herein are true and correct to the best of his knowledge, information and belief and, that he is entitled to the relief herein.[21]

---

[15] La. R.S. § 9:2800.54.
[16] R. Doc. 1 ("On or about at June 2015 at approximately 7 to 7:35 a.m. Tassin had on the EVA clogs as the dorm was being cleaned. Water was on the floor. As Tassin entered the front door he slipped and landed on the top-back section of his head. The fall was extremely hard …. The blow was so hard it simi-knocked [sic] Tassin out, and caused extreme [sic] pain in Tassin's head – neck and spine.")
[17] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).
[18] 28 U.S.C. § 1746 provides, "Wherever, … under any rule, … made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the … affidavit, in writing of the person making the same …, such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) … "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."
[19] *See* 28 U.S.C. §§ 1621, 1623.
[20] *See Searcy v. Cooper*, 01-112, 2002 WL 535058, *3 (N.D. Tex. April 9, 2002).
[21] R. Doc. 1, p. 12.

4

The Verification is then "sworn to and subscribed" before three witnesses. Because the Verification is not under penalty of perjury, the Complaint is not competent summary judgment evidence.[22] Even if this Court were to consider the allegations of Plaintiff's Complaint, however, Plaintiff's claims still fail.

### C. Plaintiff has failed to demonstrate a genuine issue of material fact with respect to his remaining LPLA claims

As explained by the Fifth Circuit, to maintain a successful products liability action under the LPLA, a plaintiff must establish the following four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product.[23] A plaintiff may establish that a product was "unreasonably dangerous" under one of four theories:

> (1) the product's construction or composition is defective; (2) the product's design is defective; (3) the product's warnings are inadequate, or (4) by showing a breach of express warranty.[24]

As Plaintiff's LPLA claims based upon theories of defective construction or composition and defective design were dismissed,[25] Plaintiff proceeds only under theories of inadequate warning and breach of express warranty.

---

[22] *See, Higgins v. Morris*, 673 Fed.Appx. 376, 378 n.3 (5th Cir. 2016) (citing cases where a complaint verified under penalty of perjury was treated as competent summary judgment evidence).
[23] La. R.S. § 9:2800.54; *see also Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002).
[24] *Flagg v. Stryker Corp.*, 647 Fed. App'x 314, 316 (5th Cir. 2016), citing La. R.S. 9:2800.54(B).
[25] R. Docs. 44 & 46.

5

### 1. Plaintiff has failed to submit sufficient evidence to establish that BBCI was the manufacturer of the clogs

BBCI first argues that Plaintiff cannot establish BBCI was the manufacturer of the clogs at issue. In support, BBCI introduces Plaintiff's response to a request for admission where Plaintiff admits he does not have evidence of where the clogs were manufactured but that "the ingrafted 'BBC' on the sole of Normal Billiot's clogs strongly suggest BB is the manufcter [sic]. BB's employees and counsel are still consealing [sic] information.'"[26] BBCI also submits the affidavit of Kristen Burke, who attests that she has been employed by BBCI in the finance department at all times relevant to the litigation and that "[a]t no time between January 1, 2013 and December 31, 2015 did Bob Barker Company Inc., conduct any sales of any 'EVA' products to the Louisiana State Penitentiary located at 17544 Tunica Trace, Angola, LA 70712."[27]

In opposition, Plaintiff relies on his assertion that "BBC" was engraved on the sole of the clogs to establish that BBCI was the manufacturer of the clogs.[28] Plaintiff also submits letters from Samantha Bosalavage at the Promise of Justice Initiative. In the first letter, dated July 13, 2015, Ms. Bosalavage tells Plaintiff "I have enclosed the information about the distributor [Prison Enterprises] are currently using for the Croc shoes. She mentioned that the distributor changes almost every year because they put out requests each year for bids and take the lowest one, so something to consider is whether you got the shoes this year."[29] The second letter from Ms. Bosalavage, dated July 21, 2015 states: "I was actually able to get the information about the distributor very easily. It turns out Bob Barker was the distributor back in 2013 as well."[30] Plaintiff

---

[26] R. Doc. 54, p. 2.
[27] R. Doc. 39-3. Ms. Burke's affidavit was attached to BBCI's original summary judgment, which was reurged in the pending Motion.
[28] R. Doc. 56, p. 4 ("Clearly, for BBC to write it's [sic] web and engrave BBC on the sole of the EVA clogs should place BBC as above [manufacturer].")
[29] R. Doc. 56-1, p. 6.
[30] R. Doc. 56-1, p. 7.

6

also submits an affidavit from Norman Billiot, dated January 1, 2019, stating that Billiot purchased a pair of croc style shower shoes (EVA clogs) from LSP property order form. The sole was engraved "BBC" from which Billiot "concluded the BBC stood for 'Bob Barker, Company.'"[31]

While all inferences must be resolved in favor of the non-moving party, "unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."[32] Here, Plaintiff admits he does not actually know who manufactured the clogs. Plaintiff asks the Court to assume that "BBC" stamped on Billiot's shower shoes must stand for defendant Bob Barker Company, Inc.; that Billiot had the same clogs as Plaintiff, when Billiot's affidavit does not state when Billiot purchased his clogs; and that Ms. Bosalavage was correct that Bob Barker Company, Inc. was the distributor of the clogs for Prison Services in 2013, when her July 21, 2015 letter does not state from whom she obtained that information, nor is her letter in any way verified. These are the types of unsubstantiated assertions the Court is not required to accept. BBCI is entitled to summary judgment as Plaintiff has failed to submit sufficient evidence to establish that BBCI is the manufacturer of the clogs at issue.

### 2. Plaintiff has failed to provide sufficient evidence of inadequate warnings or breach of an express warranty

Even assuming Plaintiff could establish that BBCI manufactured the clogs in question, Plaintiff still has failed to put forth evidence sufficient to defeat summary judgment for either of the two remaining theories of recovery under the LPLA. The burden is on the plaintiff to prove that a product is unreasonably dangerous.[33] "Defects are not presumed to be present by the mere happening of an accident."[34] To maintain an inadequate warning or failure to warn claim under

---

[31] R. Doc. 56-1, p. 11.
[32] *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).
[33] La. R.S. § 9:2800.55(D).
[34] *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1364 (La. 1992), *citing Broussard v. Pennsylvania Millers Mut. Ins. Co.*, 406 So.2d 574 (La. 1981). *See also Jaeger v. Automotive Cas. Ins. Co.*, 95-2448, p. 9 (La. App. 4 Cir. 10/9/96)

7

the LPLA, a plaintiff must demonstrate that the product in question has a potentially damage-causing characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about this characteristic.[35] Further, "[a] 'mere allegation of inadequacy' is insufficient for a plaintiff to survive summary judgment on a failure to warn claim."[36]

Pursuant to La. R.S. § 9:2800.57(B), a manufacturer is not required to provide an adequate warning about its product when, (1) the product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or (2) the user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic. To be relieved of the duty to warn, a manufacturer need not show that the user had actual knowledge of the danger, only that the user should have known of the danger.[37] Thus, the issue turns on whether the danger of slipping or falling on a wet floor is open and obvious.[38] *Scott v. Olean Tile Co.*,[39] is instructive.

In *Scott*, a woman slipped and fell when she stepped out of a door onto a mat, which was placed on tile, after it had been raining heavily.[40] The plaintiffs sued both the manufacturer of the tile, as the tile was represented as slip resistant, and the manufacturer of the mat, which was represented as "ideal for entryways and other commercial uses and suitable for outdoor use."[41] Two of the theories at issue in the case were inadequate warning and breach of express warranty,

---

682 So.2d 292, 298 ("Inference of the existence of a vice or defect in a product is not allowed merely on the basis of the fact that an accident occurs").
[35] La. R.S. § 9:2800.57.
[36] *Stahl*, 283 F.3d at 264-65.
[37] *Goins v. Galion Mfg. Co.*, 626 So.2d 1200 (La. App. 3 Cir. 1993).
[38] *See Mallery v. International Harvester Co.*, 96-321 (La. App. 3 Cir. 11/6/96), 690 So.2d 765, 767-68.
[39] 97-1080 (La. App. 3 Cir. 2/4/98), 706 So.2d 1091.
[40] *Id.* at 1092.
[41] *Id.*

8

the same theories that remain here.[42]  Regarding inadequate warning, the court recited the above statutory law and jurisprudence and found that the danger presented by the wet floor and mat was obvious and that the plaintiff knew and should have known of the alleged danger of walking on the mat and tile when wet.[43]  The court further opined that "[i]t is common knowledge that almost any floor surface requires added caution under such conditions," referring to wet conditions.[44]

Here, Plaintiff wore the clogs prior to the alleged incident, just as the plaintiff in *Scott* had stepped onto the mat and tile prior to her incident.  Plaintiff also admitted to knowing of the danger of walking on wet surfaces,[45] a danger that should be open and obvious to any reasonable person, as noted by the *Scott* court.  Plaintiff also produced a "community affidavit"[46] that indicates it was common knowledge that the clogs slipped on wet surfaces.  This "community affidavit" provides additional support for the conclusion that the danger of walking on wet surfaces with the clogs should have been open and obvious.  Just as the plaintiffs in *Scott*, Plaintiff in the instant matter has produced no evidence to establish that the clogs were defective due to inadequate warning under these facts.

To maintain a breach of express warranty claim under the LPLA, a plaintiff must show: "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue."[47]  An "express warranty" is a representation or statement about a product

---

[42] *Id.* at 1093.
[43] *Id.* at 1095.
[44] *Id.*
[45] R. Doc. 54, p. 2.  Specifically, in response to whether Plaintiff was aware that standing water on a walking surface could cause a fall, Plaintiff responded "Tassin left the dorm the morning of the incident waring [sic] the crocs prior to water in the dorm.  Had water been in the dorm Tassin would have not set his feet in such dangerous foot wear."
[46] R. Doc. 56-1, p. 17.
[47] *Caboni v. General Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002).

9

that affirms the product possesses specified characteristics or qualities.[48] It does not include a general opinion or general praise.[49] In *Scott*, whether an express warranty had been breached was also examined.[50] Regarding the tile manufacturer, it was noted that the tile was advertised as "slip resistant" and suitable for outdoor use.[51] The *Scott* court found that this statement and the recommendation that the tile be used on the front porch were general statements, not express warranties.[52] Accordingly, the plaintiff had failed to establish the mat and/or tile were defective due to breach of express warranty under the LPLA.

Similarly, here, even assuming the clogs were advertised as "shower shoes" and "slip resistant," these statements qualify as general statements, not express warranties. Accordingly, Plaintiff has failed to carry his burden of proving the first element of his breach of express warranty claim--that the manufacturer made an express warranty regarding the product--and has thus, failed to carry his burden of proof. The Court need not address the other elements of a breach of express warranty claim.

### III. Conclusion

Even giving Plaintiff the benefit of treating the facts in his Complaint as if alleged in an affidavit, Plaintiff has failed to establish that BBCI was the manufacturer of the clogs or that there was a failure to warn or express warranty that was breached. Defects are not presumed merely because an accident occurs. Accordingly, Defendant's Motion for Summary Judgment should be granted, and Plaintiff's remaining claims should be dismissed, along with this action.

---

[48] La. R.S. § 9:2800.53(6).
[49] *Id.*
[50] *Scott*, 706 So.2d at 1095.
[51] *Id.*
[52] *Id.*

10

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment[53] be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on August 26, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[53] R. Doc. 55.

11